IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2005 SEP -8 A 9: 01

| | |
|---|---|
| Tim H. Gilmore (aka Tim Henry Gilmore), #1210606, | C. A. No. 2:05-0194-DCN-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| FNU Austin, Lieutenant, Charleston County Detention Center (CCDC); FNU Coulder, C.O., CCDC; FNU Williams, Nurse, CCDC, | |
| Defendants. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Tim H. Gilmore, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions for summary judgement. 28 U.S.C. § 636(b).

On January 26, 2005, the plaintiff, Tim H. Gilmore, filed this civil rights action against FNU Austin, a Lieutenant at the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

Charleston County Detention Center (CCDC), FNU Coulder, a correctional officer at the CCDC, and FNU Williams, a nurse at the CCDC. He alleged violations of his Eighth Amendment right to be free of cruel and unusual punishment. Gilmore seeks injunctive relief and damages.

The defendants answered the complaint on March 25, 2004. Defendant Williams filed an amended answer on May 9, 2005, as well as a motion for summary judgment. On May 13, 2005, Gilmore was provided copies of the defendant's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Gilmore filed a pleading in response to the Roseboro order on May 17, 2005, in which he did not address any of the evidence submitted by the defendant, or address any of the grounds she argued to support her motion. On June 27, 2005, defendants Austin and Coulder filed a motion for summary judgment. Gilmore was provided a copy of the motion and another Roseboro order on July 5, 2005. On July 19, 2005, Gilmore filed a response to the Roseboro order in which he did not address any of the evidence submitted by the defendants, or address any of the grounds argued to support their motion. Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## ALLEGATIONS OF THE COMPLAINT

Gilmore alleged that he is a federal inmate who was housed at the CCDC in an eight (8) man cell with state inmates in the fall of 2004. The state inmates threatened him and he brought that information to the attention of defendant Austin. Nothing was done in response to the report of threats. The following day, on or about October 24, 2004, plaintiff was "jumped" by three inmates who beat him severely. Plaintiff sustained a broken bone around his eye and a broken nose, as well as an injured back. He was taken to three hospitals. He asked Austin to file charges and to take photographs of his injuries, but he was refused. Then, "the Lt. told the Medical Dept Nurse Williams to pay me no mind, and the Lt had CO Coulder come harras me about the incident saying you are a old man, why do you say this things the computer and medical records from this incident should prevail all the facts in this." (sic).

## UNDISPUTED EVIDENCE SUBMITTED BY THE DEFENDANTS

The defendants filed the sworn affidavit and supporting documentation from Major Patricia Garrison, who is employed by the Charleston County Sheriff's Office and works in a supervisory capacity with the CCDC. In addition, the defendants filed all the plaintiff's extensive medical records from the CCDC. Plaintiff has not taken issue with either the affidavit or the exhibits.

The defendants' evidence shows that plaintiff was a state detainee with a federal detainer who was housed at the CCDC. On or about October 24, 2004, he was housed with inmate Simmons in a cell. A fight broke out between the two which apparently started when Gilmore accused Simmons of stealing the toilet paper while Gilmore was attempting to use the bathroom. Each inmate stated that the other had started the fight. A deputy law enforcement officer was summoned in accordance with standard operating procedures and an investigation was undertaken. Incident report OCA 2004-023981-B was filed with the Charleston County Sheriff's Office. As a result of the investigation, no charges were filed.

Gilmore was taken straight to the medical area of the CCDC where he was admitted by Dr. R. Triplett for a facial injury. He was transported to the county hospital where he was treated and a follow up appointment with oral surgery was scheduled. He was transported back to the CCDC and was housed in the Medical

Observation Unit. At the follow up appointment, the doctor indicated that Gilmore had no damage due to trauma and referred him to an ophthalmologist at the Storm Eye Clinic. The ophthalmologist indicated that Gilmore had no significant findings on exam. Gilmore had another appointment at the Storm Eye Clinic on February 25, 2005, and eyeglasses were ordered for him for a condition unrelated to the trauma. Gilmore got the glasses on March 17, 2005. Gilmore's records show a plethora of other medical treatment he received at the CCDC for various complaints. Pam Caldwell, PHS Health Administrator, indicated that Gilmore was provided appropriate care after the incident as well as for all his other complaints and that there is no indication in the medical records that care was not provided at the direction of any CCDC official.

The two Detention Center officers whom the plaintiff named as individual defendants were not working at the CCDC facility during the months and days preceding and directly following the altercation with Simmons. Defendant Austin was on medical sick leave for surgery from July 5, 2004 through November 15, 2005. Officer Caulder was newly hired at the time and was at training under the supervision of a Field Training Instructor at the CCDC Training Division outside the CCDC. Officer Caulder has never been assigned to or worked for Lt. Austin.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' motions for summary judgment should be granted and this action deemed a "strike" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

Although the plaintiff asserts several different claims, any allegations of inadequate security and failure to protect present a single question: whether the individual defendants violated the plaintiff's rights through their deliberate indifference to a substantial risk of physical harm to him? Parrish v. Cleveland, 372 F.3d 294. 302 (4th Cir. 2004). Such a case is controlled by Farmer v. Brennan, 511 U.S. 825, 114 S.Ct.1970 (1994), which rejected an objective standard for "deliberate indifference" and held that,

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837, 114 S.Ct. at 1978.

Here, Defendant Austin could not have been aware of any risk of harm to the plaintiff since he was not present at the CCDC at that time but rather was on medical sick leave from July 5, 2004 through November 15, 2005. As Austin had no objective knowledge of any perceived threats prior to the assault, there

7

can have been no subjective recklessness on his part, and Plaintiff's claims cannot survive the Farmer analysis.

Plaintiff's claims that Lt. Coulder harassed him about the incident are on the same footing. First, plaintiff has done nothing to counter the clear evidence that Coulder was not at the CCDC at the time alleged. Second, the Fourth Circuit has held that verbal harassment without allegations of resultant harm fails to state a constitutional tort. See, Cole v. Cole, 633 F.2d 1083 (4th Cir. 1980). The defendant's motion should be granted.

Similarly, defendant Williams motion for summary judgment should be granted because the plaintiff simply did not allege she did anything. Gilmore's only allegation is that defendant Coulter told Williams "to pay me no mind." Even if the court could imply that Gilmore complained that Williams denied him constitutionally adequate medical treatment, the medical records, which the plaintiff himself invited the court to rely upon, belie that contention. There is simply no evidence to any deliberate indifference to a serious medical need as required to bring a claim of unconstitutional deprivation of medical care. See, Estelle v. Gamble, 429 U.S. 97 (1976).

Here, although the defendants did not need to offer proof that negates the plaintiff's claims to be entitled to judgment as a matter of law, they did. In response, the plaintiff utterly

8

failed to point to facts evidencing a genuine issue for trial; the defendants should prevail on their motion. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Lastly, if the court accepts this report and recommendation, it is further recommended that the court find this matter is frivolous, malicious, or fails to state a claim upon which relief can be granted, and that the court direct the clerk to denominate this action as a "Strike" under the PLRA pursuant to 28 U.S.C. § 1915(g).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions be granted and that this action be deemed a "Strike".

Respectfully Submitted,

/s/ Robert S. Carr

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 7, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
